Lot Kamehameha v. P. Nahaolelua and J. H. Kaiheekai.

March 28th, 1861.

## SUPREME COURT—IN BANCO.

LOT KAMEHAMEHA *vs.* P. NAHAOLELUA AND J. H. KAIHEEKAI.

WHERE a *permissive use* of a right of way only has been allowed, not amounting to a dedication or prescription, the owner of the premises may revoke the license at his pleasure, and resume the possession of the *locus in quo.*

Justice ROBERTSON delivered the decision of the Court as follows :

This is an action of trespass, brought by the plaintiff, Prince L. Kamehameha, against the defendants, for a wrongful entry

Lot Kamehameha *v.* P. Nahaolelua and J. H. Kaiheekai.

upon a certain premises, at Lahaina, the property of the plain-
tiff, known as the "Hoapili Premises." The present action is, in
effect, a new trial of the case of L. Kamehameha *vs.* J. D. Ka-
hookano *et als.*, tried at the October Term, 1858. Judgment in
that case was rendered on the 7th of May, 1859, in favor of the
defendants; and on the 18th of May, counsel for the plaintiff
filed a motion for a new trial, on the ground that the testimony
given by Mr. John Ii, to the effect that in the year 1848, a right
of way had been granted to the public, over the premises in
question, by Governor Kekuanaoa, who was at that time the
plaintiff's guardian, was a complete surprise upon the plaintiff,
and also on the ground of newly-discovered evidence. The
motion was supported by the affidavits of the plaintiff, and of
Governor Kekuanaoa, and came up for a hearing on the 23d of
February, 1860, when it was refused by the Court, on the ground
that the motion had not been filed within the time prescribed
by law, nor a bond filed for costs, as required by the statute.
The plaintiff then commenced the present action at the April
Term, 1860, but it was not brought on for trial till the present
Term, and has now been heard by the Court without the inter-
vention of a jury. By agreement of the parties, all the testi-
mony taken in the former suit was allowed to be read as evi-
dence in the present case, and in addition to that, the testimony
of Governor Kekuanaoa, together with some new and important
testimony given by Mr. John Ii, are now before the Court.

The defendants in the former suit claimed to justify their
entry on the ground that the public had a right of way over
the plaintiff's premises, either by prescription or by express
grant. It will be seen that in that case the Court clearly re-
jected the claim to a right of way, by prescription; but sus-
tained the claim to the right of way by express grant, or dedi-
cation, chiefly upon the testimony then given by Mr. John Ii.
A summary of all the evidence adduced at the trial of the
former case prefaces the judgment, and it is therefore unneces-
sary to refer to it here.

The defendants in the present case have not set up the claim
to a public way over the plaintiff's premises by prescription,
such claim being clearly untenable, but rely upon the alleged
express grant or dedication said to have been made by the

plaintiff's guardian in the year 1848.   Touching this point, the
testimony of Mr. Ii has again been elicited, and that more fully
and with much greater particularity than in the other suit;
while the testimony of Governor Kekuanaoa, which is entirely
new evidence, has also been added ; tending to modify materi-
ally the previous aspect of this part of the case.

The statements of these two witnesses, and their recollection
of certain matters that transpired at the time, in relation to the
alleged dedication of a way for public use, are partially in con-
flict ; while they are, upon some important points, reconcilable,
so far as to have a combined and material bearing upon the
rights of the parties.   In our opinion it is clear, from the in-
creased light that has now been thrown upon the transaction
of 1848, that the plaintiff's guardian never intended, and did not
authorize Mr. Ii, as his agent, to make an absolute grant or ded-
ication of a way for the public use, over the premises in ques-
tion.   At the time of the alleged grant, the plaintiff was in his
nineteenth year, and had, with his guardian's assent, assumed
to a great extent, the management and control of his own es-
tate ; so much so that Governor Kekuanaoa testifies, positively,
that he did not take, and would not at that time have taken
upon himself, the responsibility to alienate any part of the
plaintiff's property without his knowledge and consent.   The
Governor states also, that, when applied to on behalf of the
church members of Lahaina, for the grant of a way, he declared
that he did not consider himself empowered to make such a
grant, but that the plaintiff, when he became of full age, might
do as he pleased in regard to it.   While Mr. Ii testifies that he
believed himself authorized, under the instructions which he
received from Governor Kekuanaoa, to give the church mem-
bers permission to use a way to the church over the plaintiff's
land, at his discretion ; and that he accordingly re-opened the
way which they had formerly been permitted to use by Hoapi-
liwahine, but which had, previous to his visit, been obstructed
by Polea, the land agent having charge of the premises ; in the
belief that the plaintiff, when he came of age, would approve of
what was done ; yet he states, distinctly, that Governor Keku-
anaoa did not authorize him to grant a perpetual way to the
public, or to alienate the plaintiff's land ; nor did he, on his re-

turn to Honolulu, inform the plaintiff's guardian that he had done so.

The question of *intent* on the part of the alleged grantor is of vital importance ; and upon that point the proofs do not, in our opinion, sustain the defense ; but, on the contrary, it appears to us that the re-opening of the way over the plaintiff's premises, by Mr. Ii, amounted to nothing more than a renewal of the former *permissive use*, which had been temporarily interrupted; and being in law not a dedication, but merely a license revoca ble, the plaintiff may revoke the license at his pleasure, and resume the possession of the *locus in quo.*

No claim to a public way over the premises, on the ground of necessity, has been raised on the part of the defense ; nor would the evidence before us be sufficient to sustain such a claim.

Let judgment be entered, as of the last day of the term, in favor of the plaintiff, for one dollar damages and the costs.

Mr. Harris for the plaintiff.

Mr. Bates for the defendants.